UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11896-RWZ

ELIZABETH R. LEWIS

v.

WELLS FARGO BANK, N.A., s/b/m
WELLS FARGO BANK SOUTHWEST, N.A., f/k/a
WACHOVIA MORTGAGE, F.S.B., f/k/a
WORLD SAVINGS BANK, F.S.B.

MEMORANDUM OF DECISION

April 14, 2014

ZOBEL, D.J.

This is a home foreclosure case. Plaintiff Elizabeth R. Lewis alleges numerous defects in the mortgage she signed and in defendant Wells Fargo Bank, N.A.'s attempted foreclosure on her Norwood, Massachusetts, home. She seeks a preliminary injunction suspending defendant's intended foreclosure until her complaint can be heard on the merits (Docket # 5). Defendant moves to dismiss the complaint, save for Count V (breach of contract), for failure to state a claim upon which relief can be granted (Docket # 26). Fed. R. Civ. P. 12(b)(6). Plaintiff's motion is DENIED and defendant's motion is ALLOWED.

**I.    Background**

On August 27, 2007, plaintiff executed an adjustable rate mortgage note in the amount of $400,000, payable to "WORLD SAVINGS BANK, FSB, a FEDERAL

SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES, or anyone to whom this note is transferred." Docket # 10, Ex. A.[1] She granted a mortgage in the home to "WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES." Id. Ex. B. On May 3, 2013, defendant, as successor by merger to Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB, notified plaintiff that she had breached the conditions of the mortgage and that defendant intended to foreclose on the home and sell it by public auction. Id. Ex. E.

Plaintiff filed a six-count complaint in Norfolk Superior Court.[2] She also filed a motion for a temporary restraining order ("TRO") to suspend the foreclosure sale, scheduled to occur in three days' time. The Superior Court allowed the motion. Defendant then removed the action to this court. The parties agreed that the TRO would remain in effect until I decide plaintiff's motion for a preliminary injunction. Docket # 15, ¶ 8.

## II. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court accepts as true all factual allegations contained in the complaint, but not legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If the complaint fails to state a plausible claim upon

---

[1]Based on defendant's transmission of the state court record following removal, I cannot tell whether plaintiff appended a copy of the mortgage and note to the complaint. Even if she did not, the complaint's factual allegations are expressly linked to the documents and plaintiff does not dispute their authenticity, so I may consider them when deciding the motion to dismiss. Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

[2]The complaint is misnumbered. It contains no "Count IV" and two counts labeled "Count V."

2

which relief can be granted, it must be dismissed. Id.

## III. Analysis

The complaint is hard to follow because each count consists of several distinct bases for relief. But I resolve plaintiff's claims, as best as I can discern them, as follows.

### A. Count I

Plaintiff makes two main arguments in Count I. First, she claims that the mortgage has a notarial defect because plaintiff never appeared before Attorney John G. Molloy, the notary who acknowledged her mortgage. Second, she asserts that because defendant has produced no evidence that it acquired plaintiff's loan from World Savings Bank, FSB, it lacks standing to foreclose.

Neither of these arguments has merit. Massachusetts law requires a validly executed acknowledgment be annexed to the mortgage before it is properly recorded in the registry of deeds. Mass. Gen. L. ch. 183 § 29. But an unrecorded mortgage remains binding against the grantor, her heirs or devisees, and people with actual knowledge of the mortgage. Id. § 4. Therefore, even assuming the defect defendant alleges exists, it offers her no help because she was still obligated to make mortgage payments. As for plaintiff's second argument, "[n]umerous courts have addressed this very claim and have concluded that Wells Fargo is the successor to Wachovia and World Savings." Park v. Wells Fargo Bank, No. C 12-2065 PJH, 2012 WL 3309694, at *2 (N.D. Cal. Aug. 13, 2012); see Def.'s Mem. in Supp. of Mot. to Dismiss, Docket # 27, at 4 n.3 (collecting cases in which courts have taken judicial notice of the progression from World Savings Bank to Wells Fargo). Federal law provides that when two national

3

banks merge,

> [t]he receiving association, upon the merger and without any order or other action on the part of any court or otherwise, shall hold and enjoy all rights

of property, franchises, and interests . . . in the same manner and to the same extent as such rights, franchises, and interests were held or enjoyed by any one of the merging banks or banking associations at the time of the merger . . . .

12 U.S.C. § 215a(e). Defendant was thus the holder of the mortgage and note, and it was not required to present separate evidence that it acquired plaintiff's mortgage.

### B.   Count II

Plaintiff makes two arguments in Count II.[3] First, she claims the mortgage was improperly witnessed because the witness's name was not typed underneath the signature line. Second, she argues an affidavit filed by Gary Garza II does not include a statutorily mandated certificate attesting to several facts.

"Although an unacknowledged deed cannot be recorded, a deed need not be witnessed or acknowledged to convey title to land in Massachusetts." 28 Mass. Prac., Real Estate Law § 4.47 & n.20.10 (4th ed. West 2013) (footnote omitted) (citing Thacher v. Phinney, 89 Mass. (7 Allen) 146, 149 (1863)).[4] Therefore, plaintiff's mortgage was valid even absent a typed witness name. Plaintiff's claim regarding the Garza affidavit is also unpersuasive. "[A] foreclosing mortgage holder . . . may establish that it either held the note or acted on behalf of the note holder at the time of a foreclosure sale by

---

[3]Plaintiff also briefly claims defendant did not publish the foreclosure sale in a paper of general circulation in Norwood. See Mass. Gen. L. ch. 244 § 14. As defendant points out, this argument is moot because defendant will have to issue new advertisements to carry out another foreclosure sale.

[4]Because Massachusetts is a "title theory" state, in which a mortgage is treated as a conveyance of legal title to the mortgagee, a mortgage is considered a deed for witnessing and acknowledgment purposes. See 28 Mass. Prac., Real Estate Law § 4.47 & n.1 (4th ed. West 2013) (citing Mass. Gen. L. Ann. ch. 183 § 29).

4

filing an affidavit in the appropriate registry of deeds pursuant to G.L. c. 183, § 5B."
Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118, 1133 n.28 (Mass. 2012). Because Wells Fargo has established that it holds the note by succession, it was not required to file the affidavit plaintiff now challenges.

### C. Count III

In Count III, plaintiff sets forth nine ways in which defendant allegedly failed to comply with the requirements of Massachusetts's non-judicial foreclosure statutes. Most of these claims duplicate claims the plaintiff makes elsewhere, but she raises two new arguments. First, plaintiff's argument that defendant did not send the required notice of default letter under Mass. Gen. L. ch. 244 §§ 35A and 35A(h)(5) is without merit because, as defendant stated in its opposition to the motion for a preliminary injunction and incorporated by reference in its memo in support of the motion to dismiss, it mailed the notice of default and right to cure letter on June 13, 2011, and the letter clearly identified the name of the mortgage broker. See Docket # 22-7. Second, plaintiff's argument that defendant violated Mass. Gen. L. ch. 244 § 35B fails because that law did not become effective until August 3, 2012, over a year after defendant mailed its notice to cure letter. 2012 Mass. Acts ch. 194. Defendant had no responsibility to comply with a statute that did not exist.

### D. Count VI[5]

In Count VI, plaintiff alleges that defendant engaged in predatory lending

---

[5]To avoid confusion, I adhere to the misnumbering in the complaint. Count VI is labeled, "Violation of G.L. c. 183C (Predatory Lending Practices)."

5

practices by making a "high-cost mortgage loan" without first determining that plaintiff would be able to repay it, and by not establishing that the mortgage would benefit her. See Mass. Gen. L. ch. 183C § 4. Defendant counters that the Home Owner's Loan Act ("HOLA"), 12 U.S.C. § 1461 et seq., preempts these alleged state law violations.

The director of the Office of Thrift Supervision ("OTS") has "broad authority under HOLA to regulate and govern 'the powers and operations of every Federal savings and loan association from its cradle to its corporate grave.'" Sovereign Bank v. Sturgis, 863 F. Supp. 2d 75, 91 (D. Mass. 2012) (quoting Fidelity Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 145 (1982)). The regulations OTS promulgates pursuant to this authority are "preemptive of any state law purporting to address the subject of the operations of a Federal savings association." 12 C.F.R. § 545.2; see SPGGC, L.L.C. v. Ayotte, 488 F.3d 525, 535 (1st Cir. 2007). The OTS regulations include a list of "illustrative examples" of preempted state laws. 12 C.F.R. § 560.2(b). If a state law falls into a category § 560.2(b) lists, "'the analysis will end there; the law is preempted.'" Sovereign Bank, 863 F. Supp. 2d at 92 (quoting 61 Fed. Reg. 50951-01, 50966).

As courts in this district and in the Commonwealth have recognized, chapter 183C is preempted by federal law. See Thomas v. CitiMortgage, Inc., Civil Action No. 12-40122-FDS, 2013 WL 4786060, at *3-4 (D. Mass. Sept. 5, 2013) (preemption of chapter 183C is "beyond dispute"); DaSilva v. Seagate Fin. Servs., Inc., Civil Action No.: MICV2009-01221-B (Mass. Super. Ct. Nov. 2, 2010) (unpublished). This is because OTS regulations trump state laws purporting to impose regulations regarding

> [t]he terms of credit, including amortization of loans and the deferral and

capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan; [and]

. . .

[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages[.]

12 C.F.R. §§ 560.2(b)(4); (b)(10); see Unlu v. Wells Fargo Bank, N.A., No. 5:10-CV-5422 EJD, 2011 WL 6141036, at *5 (N.D. Cal. Dec. 9, 2011) (concluding that a claim alleging lender "knowingly or negligently plac[ed] Plaintiffs into a loan that they could not afford" was preempted by HOLA) (quotation and citation omitted); Esoimeme v. Wells Fargo Bank, No. CIV S-10-2259 JAM EFB PS, 2011 WL 3875881, at *11 (E.D. Cal. Sept. 1, 2011) (same); Jones v. Home Loan Inv., F.S.B., 718 F. Supp. 2d 728, 738 (S.D. W. Va. 2010) (same). Because the regulations on which plaintiff relies usurp OTS's exclusive responsibility to regulate the powers and operations federal savings banks, they are preempted.[6]

### E. Count V - Slander of Title

Finally, plaintiff alleges defendant slandered the title to her home by falsely stating that it owned the title, and by recording an affidavit filed by Jorge Salamanca. Plaintiff concedes that this claim rests on the same allegations she made in Counts I-III.

---

[6]In her opposition to the motion to dismiss, plaintiff argues that the OTS's regulatory authority does not deprive plaintiffs of their state common law remedies. Mem. in Opp. at 19 (quoting McCauley v. Home Loan Inv. Bank, F.S.B., 710 F.3d 551, 558 (4th Cir. 2013). That is true, and the regulation expressly disavows preemption of those remedies "to the extent that they only incidentally affect the lending operations of Federal savings associations." 12 C.F.R. § 560.2(c). But of course, save for the breach of contract claim, which defendant does not move to dismiss, this case does not involve any of those remedies. Thus, the § 560.2(c) exemptions plaintiff identifies are not available to her.

See Mem. in Opp. at 20 (stating that her opposition on this count is "directly derivative" to her opposition on the other claims). Because I conclude that those claims should be dismissed, Count V does not survive, either.

### F. Plaintiff's Motion for a Preliminary Injunction (Docket # 5)

Plaintiff's motion for a preliminary injunction also relies on the same allegations she made in the complaint. Given the dismissal of those claims, plaintiff has not succeeded on the merits. Therefore, she is not entitled to an injunction. See Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008) (party seeking preliminary injunction must demonstrate, among other things, a likelihood of success on the merits).

## IV. Conclusion

Plaintiff's motion for a preliminary injunction (Docket # 5) is DENIED. Defendant's motion to dismiss all claims save for Count V (breach of contract) (Docket # 26) is ALLOWED. Plaintiff's motions to strike affidavits (Docket ## 31, 32) are DENIED.

    April 14, 2014                                          /s/Rya W. Zobel
           DATE                                                    RYA W. ZOBEL
                                                            UNITED STATES DISTRICT JUDGE