UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELIZABETH LEWIS,

                        Plaintiff,

   v.

WELLS FARGO BANK, N.A., s/b/m
WELLS FARGO BANK SOUTHWEST,
N.A., f/k/a
WACHOVIA MORTGAGE, F.S.B., f/k/a
WORLD SAVINGS BANK, F.S.B.,

                        Defendant.

Civil Action No. 1:13-cv-11896-RWZ

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR
EXTENSION OF TIMELINE TO RESPOND TO DEFENDANT'S MOTION UNDER
FED. R. CIV. P., R. 56**

      Defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank

Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells

Fargo"), submits this opposition to Plaintiff Elizabeth Lewis's ("Plaintiff") Emergency Motion

for Extension of Timeline to Respond to Defendant's Motion under Fed. R. Civ. P., R. 56

("Motion").  As grounds for this opposition, Wells Fargo states as follows:

      1.      In her Motion, Plaintiff indicated to the Court that "[D]efendant consents to the

Plaintiff neutrally stating that both parties have been engaged in ongoing good faith settlement

discussions, which both counsel had jointly anticipated would be concluded by now, but remain

ongoing."   This is a correct statement, but Plaintiff failed to inform the Court that Wells Fargo

gave its consent for a seven (7) day extension of time for Plaintiff to respond to Wells Fargo's

Motion for Summary Judgment and would consider consenting to more time if the Court can

reschedule the March 19, 2015 hearing date to a date within the next couple of weeks, and

Plaintiff did not inform the Court that Wells Fargo opposes her request that the Court stay the summary judgment proceedings "[u]ntil a final determination as to the status of the present ongoing settlement discussions have been completed and/or resolved" between the parties.

2.     The reason for Wells Fargo's partial objection is to avoid unfair prejudice to Wells Fargo, if the case does not settle.  Wells Fargo had re-noticed the non-judicial foreclosure sale of Plaintiff's property for March 5, 2015, in accordance with its right under the Power of Sale clause of Plaintiff's mortgage.  On February 27, 2015, Plaintiff filed a motion entitled "Emergency Motion to Stay Defendant's Scheduled March 5, 2015 Foreclosure Auction Sale of Plaintiff's Residence Pending This Court's Ruling on Defendant's Rule 56 Motion and/or Motion for Preliminary Injunction Under FRCP, R. 65" (hereinafter "Motion to Stay", Docket Entry Nos. 54, 55).  On March 3, 2015, the Court entered a docket order "granting Motion to Stay, pending resolution of defendant's summary judgment motion."  (Docket Entry No. 56.)

3.     The Court's hearing on Wells Fargo's Motion for Summary Judgment is scheduled on March 19, 2015.  By offering to consent to a 7-day extension, the scheduled March 19 hearing date would be kept, but Wells Fargo would lose the opportunity that the Court afforded Wells Fargo until March 16, 2015 to file a reply brief.  (*See* Docket Entry Nos. 49, 50.) Granting Plaintiff a longer extension would result either in the Court not being afforded sufficient time to prepare for the March 19 hearing date, or in the hearing date being canceled. Meanwhile, the Court has restricted Wells Fargo from proceeding with a non-judicial foreclosure

sale of the property.  Continuing the March 19 hearing date would necessarily prejudice Wells

Fargo's rights.[1]

      4.     Setting a firm date for Plaintiff to respond to the Motion for Summary Judgment

within the current oral argument schedule will not interfere with the parties' attempts to

settlement this matter -- it will foster those efforts.  And it will ensure that these proceedings are

not unduly delayed to Wells Fargo's prejudice if a settlement is not reached.

      WHEREFORE, for the above-stated reasons, Wells Fargo respectfully requests that the

Court deny the Plaintiff's Emergency Motion for Extension of Timeline to Respond to

Defendant's Motion under Fed. R. Civ. P., R. 56.

Respectfully submitted,

WELLS FARGO BANK, N.A., s/b/m
WELLS FARGO BANK SOUTHWEST, N.A.,
f/k/a WACHOVIA MORTGAGE, F.S.B., f/k/a
WORLD SAVINGS BANK, F.S.B.

By its attorneys,

/s/ *David M. Bizar*
David M. Bizar (BBO No. 566795)
William J. Hanlon (BBO No. 551878)
Todd M. McGrath (BBO No. 628476)
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801
dbizar@seyfarth.com
whanlon@seyfarth.com
tmcgrath@seyfarth.com

Dated: March 9, 2015

---

[1] Although styled as a Motion to Stay, what the Plaintiff requested and the Court allowed was actually an *ex parte* temporary restraining order, which restrained Wells Fargo from completing a non-judicial foreclosure sale of the property.  *See Fryzel v. Mortg. Elec. Registration Sys., Inc.*, 718 F.3d 40, 43-46 (1st Cir. 2013) (reversing the District Court for entering a "stay" against a mortgagee's completion of a non-judicial foreclosure without satisfying the prerequisites of Rule 65 of the Federal Rules of Civil Procedure).  All rights are reserved.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 9, 2015.

 /s/ *David M. Bizar*
David M. Bizar