UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
Ca. No. 1:13-cv-11896-RWZ

_____
                                    )
ELIZABETH R. LEWIS                  )
                                    )
               Plaintiff            )
vs.                                 )
                                    )
WELLS FARGO BANK, N.A.              )
                                    )
               Defendant            )
_____)

**PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO VACATE THIS COURT'S ALLOWANCE OF
PLAINTIFF'S MOTION FOR EMERGENCY STAY OF DEFENDANT'S SCHEDULED
MARCH 05, 2015 FORECLOSURE AUCTION SALE OF PLAINTIFF'S RESIDENCE
PENDING THIS COURT'S RULING ON DEFENDANT'S RULE 56 MOTION AND/OR
MOTION FOR PRELIMINARY INJUNCTION UNDER FRCP, R. 65**

COMES NOW, the Plaintiff, Elizabeth R. Lewis ("Plaintiff"), who hereby respectfully submits her Opposition to the Defendant's Motion to Vacate This Court's Allowance of Plaintiff's Emergency Motion for Stay of the Defendant's Pending March 05, 2015 foreclosure auction sale, pending this Court's ruling on Defendant's Rule 56 Motion.[1] As will be more thoroughly discussed below, to support its argument which Defendant infers "*commands*" this Court vacate its ruling. The Defendant is almost entirely reliant upon a matter decided by the U.S. Court of Appeals for

---

[1] Despite the Defendant's protestations as to legal terminology, related to the term "*Stay*", [which Plaintiff will address more fully below] and while never actually holding any sale, there is a question as to whether the Defendant has violated this Court's Order to Stay the Defendant's impending action seeking to utilize the statutory remedy, where it has issued notices of new impending sales, as if this Court had never issued its Order.

1

the First Circuit, *Fryzel v. Mortgage Electronic Registration Systems, Inc.*, 719 F.3d 40 (1st. Cir. 2013), where there was an examination of **<u>Rhode Island statutory law</u>**, and where there had been **<u>no previous judicial adjudication that the party seeking to utilize the statutory remedy under G.L. c. 244, §14</u>**, or ever had been judicially determined to be a proper party to utilize said statutory remedy. Here, unlike Fryzel, this Court made such judicial pronouncement on April 14, 2015, which is precisely why the Plaintiff requested a Motion to Stay said Order, and only sought relief under Rule 65 in the alternative. Additionally, the Plaintiff disagrees with the characterization that settlement discussions have completely broken down.

## **<u>DISCUSSION</u>**

Defendant spills much toner explicating that Massachusetts allows a foreclosing entity to utilize the statutory remedy afforded to such movants under G.L. c. 183, §21, and G.L. c. 244, § 14, and related statutes and regulations, without judicial intervention. While true where there is never any challenge made to a purported foreclosing entities claim to utilize the statutory remedy, in fact where a borrower such as Plaintiff makes the said challenge, and where a judicial tribunal issues a judicial order relative to the same, this represents a legal action that can be "stayed". Defendant seeks to mold the instant fact pattern to its liking and argumentation, where reviewing the current procedural posture of the instant matter reveals that Defendant's case law citation is inapposite of what is presently before this Court, as this Court has previously made a judicial

2


determination that the Defendant has "jurisdiction and authority" to act under statute.

The historical Massachusetts state case law *ratio decidendi* has unwaveringly found that; in order for such foreclosing party(s) to utilize said statutes, it/they must be a party with "proper jurisdiction and authority" to do so, or any purported foreclosure auction sale would be "void":

> "One of the terms of the power of sale that must be strictly adhered to is the restriction on who is entitled to foreclose. The "statutory power of sale" can be exercised by "the mortgagee or his executors, administrators, successors or assigns." G. L. c. 183, § 21. Under G. L. c. 244, § 14, "[t]he mortgagee or person having his estate in the land mortgaged, or a person authorized by the power of sale, or the attorney duly authorized by a writing under seal, or the legal guardian or conservator of such mortgagee or person acting in the name of such mortgagee or person" is empowered to exercise the statutory power of sale. Any effort to foreclose by a party lacking "jurisdiction and authority" to carry out a foreclosure under these statutes is void. Chace v. Morse, 189 Mass. 559, 561 (1905), citing Moore v. Dick, supra. See Davenport v. HSBC Bank USA, 275 Mich. App. 344, 347-348 (2007) (attempt to foreclose by party that had not yet been assigned mortgage results in "structural defect that goes to the very heart of defendant's ability to foreclose by advertisement," and renders foreclosure sale void)." *U.S. Bank, Nat'l Ass'n*, 458 Mass. 637, 647(2011).[2]

Thus, where the foreclosing entity seeking to enforce the statutory remedy remains unchallenged, the Massachusetts statutory remedy allows a foreclosing entity to utilize the said remedy *extra judicially*, and therefore there is no "legal action" to stay. However where a borrower [such as Plaintiff here] now challenges a foreclosing entity that purports to utilize the

---

[2] Under the said Massachusetts state court examinations, the statutory remedy at issue is deemed "initiated" at the time of the first publication of auction sale.

statutory remedy, by filing a complaint seeking a declaratory judgment as to the respective legal positions of the parties with respect to G.L. c. 244, §14 [or makes said challenge post foreclosure auction sale], only that subset of foreclosing entities that has/have been ***judicially*** determined to have "*proper jurisdiction and authority*" to act [have acted] under statute, are legally entitled to do so [creating a judicial determination to be stayed].[3]

Indeed, as the Defendant itself references at p. 3, ¶9 of its own Motion, this Court ***judicially*** [and Interlocutory] granted Defendant's Motion to Dismiss ***all of Plaintiff's claims***, save the remaining Count V, which is currently pending this Court's review under Fed. R .Civ. P., R.56. In dismissing Count III of Plaintiff's complaint, [where the Plaintiff sought a claim for relief seeking a declaratory judgment that the Defendant was not a proper party to utilize the statutory remedy], the Court made a judicial finding that in its learned opinion, that the Defendant had met all necessary condition precedents to utilize the statutory remedy.[4]

Therefore, as Defendant's attempt to utilize the statutory remedy was challenged by Plaintiff, on **April 14, 2014**, this Court made a ***judicial*** finding that the Defendant could exercise its

---

[3] Thus, where these extra-judicial Massachusetts statutory actions go unchallenged, the issue as to whether the foreclosing claimant is actually a party with "proper jurisdiction and authority" is ***never reached***, and therefore the process plays out extra-judicially under statute.
[4] In Count III, the Plaintiff sought the following:

> Count III- Declaratory Judgment That Defendant(s) Are Not A Real Party In Interest With Any Legal Standing to Enforce The Power of Sale In The Plaintiffs' Mortgage Under G.L. c. 244 § 14

4

extra-judicial right under the Massachusetts statutory remedy as a party with "jurisdiction and authority" to do so.

**A. Defendant's Reliance Upon The First Circuit Ruling in Fryzel v. Mortgage Electronic Registration Systems Involves A Fact Pattern Inapposite As To What Is Presently Before This Court**

The Defendant cites extensively to *Fryzel*, yet fails to discuss the glaring distinctions between that matter and the instant action that is currently before this Court. *Fryzel* involved a large number of cases challenging the legal ability of Mortgage Electronic Registration Systems, Inc. ("MERS") to "assign" or otherwise enforce these borrowers mortgages.[5] *Fryzel* sought to stay the foreclosing entity(s) attempt to move forward with Rhode Island's statutory extra-judicial remedy, despite a court ruling allowing mediation to hopefully resolve this/these action(s). The District Court allowed the stay, to which the foreclosing entity(s) sought appeal to the First Circuit. Thus, in *Fryzel*, unlike the instant matter, there had never been any <u>judicial determination</u> that the foreclosing entity was a party with "jurisdiction and authority" to act under Rhode Island Law, and never examined the **<u>Massachusetts</u>** statutory scheme to utilize the statutory remedy.[6] Such distinction is telling, and of ultimate resolution import in the Denial of the instant Defendant's Motion here currently under review.

---

[5] MERS is not implicated, involved, or challenged by Plaintiff in the matter before this Court.
[6] Hence the basis for the foreclosing entity(s) in Fryzel to complain that there can be no "stay" of an extra-judicial procedure", where there had been no request for preliminary injunction, and where the foreclosing entity(s) status as a proper party to act under Massachusetts statute, was never legally adjudicated.

Despite the Defendant's protestations of being "unfairly prejudiced" by delay, it is quite telling that after this Court's April 14, 2014 ruling, the Defendant waited until February 2015 to attempt to utilize the Massachusetts statutory remedy, despite this Court's pronouncement that it could do so. If there were prejudice in delay, surely the Defendant would have proceeded to utilize the statutory remedy almost eight months prior to the instant time frame. Therefore, at best, Defendant presents an incongruent position related to any prejudice due to "timeliness".[7]

Indeed, suddenly, the Defendant seeks to simultaneously utilize the statutory remedy along with a filed Rule 56 Motion.[8] Subsequent to this Court's April 14, 2014 Order, On May 29, 2014, there was a scheduling conference held in the Court's chambers, in which the Defendant's counsel identified that as to the remaining Count V, there was pending litigation in the U.S. District Court, Western District of Washington, in *Campidoglio LLC et al v. Wells Fargo & Company et al*, Dckt# 2:12-cv-00949 TSZ, that would most likely resolve Count V, as the same argument as Plaintiff was advancing, was also being advanced by the class in *Campidoglio.*

> Dckt #45 - ELECTRONIC Clerk's Notes for proceedings held before Judge Rya W. Zobel: Scheduling Conference held on 5/29/2014, Set Deadlines/Hearing as to Motions due by 01/30/2015), Set Deadlines/Hearing as to (Responses due by 2/20/2015, 3 page Replies due by

---

[7] Indeed, Defendant's post April 14, 2014 actions related to utilizing the statutory remedy under G.L. c. 244, §14, speak much louder than its words, "*People may doubt what you say, but they will believe what you do*" – Lewis Cass

[8] Indeed, as if there was some new compelling reason in the Ninth Circuit impelling the Defendant to suddenly do so. Therefore, Plaintiff questions the Defendant's use of the term "Emergency" associated with its Motion to Vacate.

6

2/27/2015., Motion Hearing set for 3/5/2015 02:30 PM in Courtroom 12 before Judge Rya W. Zobel.). (Court Reporter: No Court Reporter Used.) (Attorneys present: Russell & McGrath) (Urso, Lisa) (Entered: 05/30/2014)

While the instant matter was never formally "stayed" during the pendency of the *Campidoglio* matter, like the caterpillar that entombs itself in a cocoon while in its dormant stage, this matter also remained dormant during the pendency of the *Campidoglio* matter. Despite the September 24, 2014 pronouncement in *Campidoglio*, the Defendant continued to remain in its dormant stage relative to pursuing the statutory remedy. While all of the foregoing dormancy was occurring, on October 22, 2014 the Plaintiffs' in the *Campidoglio* matter sought to appeal the said decision to the U.S. Court of Appeals for the Ninth Circuit, under Ca. No. 14-35898. Further, on December 10, 2014, the Plaintiffs in *Campidoglio* matter also filed a Motion to Stay the *Judgment Pending Appeal and Approval of Cash in Lieu of Supersedeas Bond.* Further still, on January 15, 2015, the Court Allowed the Stay of the Judgment in *Campidoglio*, as the Plaintiffs posted monies to be held on account in the amount of $9,608.89, representing 1.25 times the amount of the cost award.

Despite the fact that there was a judicial stay of the decision in the *Campidoglio* matter, and like the caterpillar seeking to remove itself from its entombed and dormant state, the Defendant here again sought to renew its efforts, by filing its pending Rule 56 Motion related to the remaining Count V, now "sporting" a new set of colorful wings.[9] The Defendant, while

---

[9] Indeed, Defendant's Rule 56 Motion is almost *entirely* reliant upon *Campidoglio* and Affidavits submitted therein in this matter, which Plaintiff

7

relying heavily on the *Campdioglio* matter in its Memorandum, failed to inform the Court that, in fact, this matter was on Appeal at the U.S. Court of Appeals for The Ninth Circuit, and Defendant also further failed to inform the Court that, in fact, the ruling in this matter had also actually been **_stayed_** by the U.S. District Court, Western District of Washington, during the pendency of said appeal before the Ninth Circuit.

**B. Settlement Discussions**

While Plaintiff cannot reveal the context or content of the negotiations between the parties, she takes the position that from her perspective that there is an agreement in principal, and that the parties ar that will ultimately resolve this matter.

### CONCLUSION

Based upon all of the preceding, and the fact that the time frame for hearing on the Defendant's Motion for Summary Judgment is extremely of a short duration, and the fact that Defendant's previous actions to the enforcement of the statutory remedy in this matter has never seemed to have been under any time pressure requirement, the Plaintiff respectfully requests that this Court Deny the Defendant's Motion to Vacate This Court's Order Allowing the Plaintiff's Motion to Stay the foreclosure auction sale until the Defendant's Rule 56 Motion can be heard and decided by this Court.

---

will discuss at much greater length in her pending Opposition to Defendant's Rule 56 Motion, along with Exhibits and/or other documentary proffers and/or other related evidentiary indicia.

8

**WHEREFORE**, Plaintiff respectfully requests that this court Deny the Defendant's Motion to Vacate.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | Elizabeth R. Lewis |
|  | By her Attorney |
|  |  |
|  | /s/Glenn F. Russell, Jr |
|  | Glenn F. Russell, Jr. |
|  | The Law Office of |
|  | Glenn F. Russell, Jr. |
|  | 38 Rock Street, Suite 12 |
|  | Fall River, MA 02720 |
|  | (508) 324-4545 |
| Dated: March 20, 2015 | BBO# 656914 |

**CERTIFICATE OF SERVICE**

I, Glenn F. Russell, Jr., attorney for the Plaintiff hereby certifies that on this the 20TH day of March, 2015, a true and correct copy of the foregoing document was served by way of the ECF/CM system to the registered participants involved in this matter, and further upon the Defendants counsel of record in this matter below.

David M. Bizar
Seafarth Shaw
World Trade Center East, Suite 300
Boston, MA. 02110

/s/ Glenn F. Russell, Jr.
Glenn F. Russell, Jr.